IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 19-33915-KRH |
| LEMAR ALLEN BOWERS, ) | CHAPTER 13 |
| ) | |
| ) | |
| Debtor. ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**NOTICE OF OBJECTION TO CONFIRMATION OF PLAN**
**AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

I.  Notice of Objection and Notice of Hearing

| **PLACE OF HEARING:** | **DATE AND TIME OF HEARING:** |
|---|---|
| Courtroom 5000 | |
| 701 East Broad Street | October 9, 2019 |
| Richmond, Virginia   23219 | 11:10 a.m. |

**Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   (If you do not have an attorney, you may wish to consult one.)

II.  Objection to Confirmation of Chapter 13 Plan

The United States of America, by and through undersigned counsel, on behalf of its Internal Revenue Service, hereby objects to confirmation of the proposed Chapter 13 Plan on the following grounds:

Robert P. McIntosh
Assistant United States Attorney
SunTrust Center
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
E-Mail: Robert.McIntosh@usdoj.gov
*Counsel for the United States of America*

1.      The Internal Revenue Service timely filed a proof of claim setting forth the following information:

| Date of Claim: | August 28, 2019 |
|---|---|
| Secured Amount | $00.00 |
| Priority Amount: | $682,188.93 |
| General Unsecured Amount: | $20,307.63 |
| Total Claim Amount: | $702,496.56 |

2.      The debtor(s) filed a Chapter 13 plan, treating the claims of the Internal Revenue Service as follows:

| Date of Plan | Priority Amount | Secured Amount | Interest (Secured Claim) |
|---|---|---|---|
| August 15, 2019 | $0.00 | $0.00 | 0% |
| **Total** | $0.00 | $0.00 | 0% |
| | Plan ¶ 3(B) | Plan ¶ 4(D) | Plan ¶ 4(D) |

3.      The proposed plan does not adequately provide for the Internal Revenue Service's priority claim as required by 11 U.S.C. §1322(a)(2). "The bankruptcy code requires that a debtor's Chapter 13 reorganization plan 'provide for full payment, in deferred cash payments, of all claims entitled to priority under Section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claims.' 11 U.S.C. §1322(a)(2) (1984). Any plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder's consent." Matter of Escobedo, 28 F.3d 34, 35 (7th Cir. 1994) (citing

Ekeke v. United States, 133 B.R. 450 (S.D. Ill. 1991); In re Driscoll, 57 B.R. 322 (W.D. Wis. 1986); United States v. Reynolds, 38 B.R. 725 (W.D. Va. 1984)[1] *aff'd*, 764 F.2d 1004 (4th Cir. 1985); In re Esser, 22 B.R. 814 (E.D. Mich. 1982)).

4. The records of the Internal Revenue Service reflect the failure to file Federal tax returns for the following periods:

| Tax Period | Form |
|---|---|
| 12/31/2018 | 1040 |

The failure to file required tax returns renders the plan unconfirmable pursuant to §1325(a)(9). The United States objects to confirmation until the required tax returns are filed.

5. The proposed plan is underfunded and not feasible. *See* 11 U.S.C. §1325(A)(1); §1325(A)(6).

6. The proposed plan contains provisions that are in violation of §1325(a) (providing that a bankruptcy court "shall confirm a plan" only if it "complies with the provisions of" Chapter 13 and with "other applicable provisions of this title"). The inclusion of provisions in the Chapter 13 plan that are so plainly in violation of Title 11 calls into question whether the plan has been proposed in good faith. *See* United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010); 11 U.S.C. §1325(a)(3). The United States calls upon the Debtor to withdraw the Plan before further expense is incurred in attending the confirmation hearing.

7. The pleadings filed in this case report debts exceeding the debt limitations of 11

---

[1] *See United States v. Reynolds*, 38 B.R. at 726 (W.D. Va. 1984) ("A Chapter 13 plan must provide for *full* payment of . . . priority claims") (emphasis in original) *aff'd,* 764 F.2d 1004 (4th Cir. 1985).

—3—

U.S.C. §109(e).  As of April 1, 2010, the §109(e) debt limits increased to $360,475.00 for unsecured debts, and $1,081,400 for secured debts.   The Debtor bears the burden of establishing eligibility.  <u>Singer Asset Fin. Co., LLC v. Mullins (In re Mullins)</u>, 360 B.R. 493, 498 (Bankr. W.D. Va. 2007).   It appears that the Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code.

    WHEREFORE, the United States respectfully requests that confirmation of the proposed plan be denied.

                                           Respectfully submitted,

                                           G. ZACHARY TERWILLIGER
                                           United States Attorney


                      By:    /s/ Robert P. McIntosh
                             Robert P. McIntosh
                             Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have on this date served the foregoing upon all interested parties to this proceeding, by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

    LeMar Allen Bowers
    10250 Scots Landing Road
    Mechanicsville, VA 23116
    *Debtor*

    I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.   Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

    James E. Kane
    Kane & Papa, PC
    Email: jkane@kaneandpapa.com
    *Debtor's Attorney*

    Carl M. Bates
    *Chapter 13 Trustee*
    Email: station01@richchap13.com; station06@richchap13.com;
    station03@richchap13.com; station10@richchap13.com; station07@richchap13.com

Date: September 26, 2019

           /s/ Robert P. McIntosh
           ROBERT P. MCINTOSH