IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 19-33915-KRH |
| LEMAR ALLEN BOWERS, ) | CHAPTER 13 |
| ) | |
| ) | |
| Debtor. ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**NOTICE OF OBJECTION TO CONFIRMATION OF PLAN**
**AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

I. Notice of Objection and Notice of Hearing

| **PLACE OF HEARING:** | **DATE AND TIME OF HEARING:** |
|---|---|
| Courtroom 5000 | |
| 701 East Broad Street | April 8, 2020 |
| Richmond, Virginia   23219 | 11:10 a.m. |

**Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   (If you do not have an attorney, you may wish to consult one.)

II. Objection to Confirmation of Chapter 13 Plan

The United States of America, by and through undersigned counsel, on behalf of its Internal Revenue Service, hereby objects to confirmation of the proposed Chapter 13 Plan (Dkt No. 51) on the following grounds:

Robert P. McIntosh
Assistant United States Attorney
SunTrust Center
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
E-Mail: Robert.McIntosh@usdoj.gov
*Counsel for the United States of America*

1. The Internal Revenue Service timely filed a proof of claim (as amended) setting forth the following information:

| Date of Claim: | December 20, 2019 |
|---|---|
| Secured Amount | $00.00 |
| Priority Amount: | $677,054.90 |
| General Unsecured Amount: | $19,189.63 |
| Total Claim Amount: | $696,244.53 |

2. The debtor(s) filed a Chapter 13 plan, treating the claims of the Internal Revenue Service as follows:

| | Date of Plan | Priority Amount | Secured Amount | Interest (Secured Claim) |
|---|---|---|---|---|
| | February 20, 2020 | $5,757.00 | $0.00 | 0% |
| | Total | $5,757.00 | $0.00 | 0% |
| Reference in Plan | | Plan ¶ 3(B) | Plan ¶ 4(D), 4(A) | Plan ¶ 4(D) |

3. The proposed plan does not adequately provide for the Internal Revenue Service's priority claim as required by 11 U.S.C. §1322(a)(2).[1] "The bankruptcy code requires that a debtor's Chapter 13 reorganization plan 'provide for full payment, in deferred cash payments, of

---

[1] The plan also provides for a priority claim of the Internal Revenue Service as follows: "Taxes and certain other debts ($670,860 are business taxes being addressed in pending business Chapter 11)." As set forth on Proof of Claim 12-2, the balance of the priority claim is the personal liability of the debtor. Moreover, to the extent that such liabilities are proposed to be provided for in a related Chapter 11 case, no provision or proposal for such payment (nor consent by the Internal Revenue Service) has been made. No plan has been proposed. *See* In re Civitas Health Services, Inc., Bk No. 19-34993-KRH (E.D. Va., Richmond Div.).

—2—

all claims entitled to priority under Section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claims.' 11 U.S.C. §1322(a)(2) (1984).   Any plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder's consent."   Matter of Escobedo, 28 F.3d 34, 35 (7th Cir. 1994) (citing Ekeke v. United States, 133 B.R. 450 (S.D. Ill. 1991); In re Driscoll, 57 B.R. 322 (W.D. Wis. 1986); United States v. Reynolds, 38 B.R. 725 (W.D. Va. 1984)[2] aff'd, 764 F.2d 1004 (4th Cir. 1985); In re Esser, 22 B.R. 814 (E.D. Mich. 1982)).

    4.    The proposed plan is underfunded and not feasible.   See 11 U.S.C. §1325(A)(1); §1325(A)(6).

    5.    The pleadings filed in this case report debts exceeding the debt limitations of 11 U.S.C. §109(e).   As of April 1, 2019, the §109(e) debt limits increased to $419,275.00 for unsecured debt, and $1,257,850 for secured debts.   The Debtor bears the burden of establishing eligibility. See Singer Asset Fin. Co., LLC v. Mullins (In re Mullins), 360 B.R. 493, 498 (Bankr. W.D. Va. 2007).   It appears that the Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code.

/ / / /

/ / / /

/ / / /

---

[2] *See* United States v. Reynolds, 38 B.R. at 726 (W.D. Va. 1984) ("A Chapter 13 plan must provide for *full* payment of . . . priority claims") (emphasis in original) *aff'd,* 764 F.2d 1004 (4th Cir. 1985).

—3—

WHEREFORE, the United States respectfully requests that confirmation of the proposed plan be denied.

        Respectfully submitted,

        G. ZACHARY TERWILLIGER
        United States Attorney

By:   /s/ Robert P. McIntosh
        Robert P. McIntosh
        Assistant United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that I have on this date served the foregoing upon all interested parties to this proceeding, by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

    LeMar Allen Bowers
    10250 Scots Landing Road
    Mechanicsville, VA 23116
    *Debtor*

    I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.   Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

    James E. Kane
    Kane & Papa, PC
    Email: jkane@kaneandpapa.com
    *Debtor's Attorney*

    Carl M. Bates
    *Chapter 13 Trustee*
    Email: station01@richchap13.com; station06@richchap13.com; station03@richchap13.com; station10@richchap13.com; station07@richchap13.com

Date: February 21, 2020

    /s/ Robert P. McIntosh
    ROBERT P. MCINTOSH